*Workman* for the plaintiff, *Pierce* for the defendants.

---

### HOSMER vs. BEEBE

If a factor, at the expiration of the credit given on a sale, takes a note payable (on a farther day) to himself, he makes the debt his own.

APPEAL from the court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiff sues the defendant as his endorser of a promissory note.

The defendant pleaded the general issue, denying any privity of contract between the plaintiff and him, in regard to said note; or that the plaintiff paid him any consideration for said note, but averring he obtained it improperly—farther averring that the plaintiff keeps a lumber yard, selling planks &c. on

East'n District.
*April,* 1824.

HOSMER
*vs.*
BEEBE.

commission—that the plaintiff is part owner of a saw mill, and the defendant received from him a quantity of plank to be sold on commission, the property of the plaintiff and his joint owner—that the plaintiff recommended one Penn, the maker of the note, as a purchaser, to the defendant; who on said recommendation sold him as agent, lumber to the amount of $454 30, out of which the sum of $366 67 was for plank, the property of the plaintiff and his joint owner in the mill,—that the note sued upon, being taken for the greater part for the plank sold by the defendant for the plaintiff, the latter prevailed on the former to hand it over for collection; that afterwards, the maker having failed, the note was returned, and placed by the defendant in the hands of an attorney, from whom the plaintiff improperly obtained it, without the consent or knowledge of the defendant.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

The record shews, that the signature of the maker of the note was proved, and that of the endorser the defendant admitted; that the demand of payment from the maker, and due notice to the defendant, was also admitted.

VOL. II. (N. S.)    47

East'n District.
*April*, 1824.

HOSMER
*vs.*
BEEBE.

Eustis deposed that both parties to the suit, came to him last spring, and the defendant handed him for collection, the note on which this suit is brought; that with a view of ascertaining whether the debt was a privileged one, he requested from the defendant a detail of the lumber, which was said to constitute the consideration of the note. Accordingly a claim was made by the defendant, against Penn's Syndics, for a privilege on the house built with the lumber thus sold; that afterwards, and before the maturity of the note, the plaintiff called for it, as he said to charge the defendant, by having it protested, and accordingly received it, that afterwards the defendant finding, on inquiry, that the plaintiff had procured the note, was dissatisfied therewith; but the witness calling on plaintiff, the latter said, that as regarded the witness there would be no difficulty, but the note would be replaced on its original footing. When the parties first called on him, they informed him the consideration of the note, was lumber sold by the defendant, for the plaintiff and other persons.

The defendant introduced a letter from Sutherland, the plaintiff's joint owner in the mill, recommending to the defendant to sell to

Penn ; another in which he informs the defend-ant of the shipment of a quantity of lumber, ordered by Penn, and of some pieces not ordered, which the defendant is requested to sell, if Penn does not wish to take them ; another letter, announcing the shipment of lumber by Hosmer and Sutherland, which the defendant is requested to sell to the best advantage.

Petersker deposed that in December last, the defendant came to the plaintiff's store and brought the note, on which the present suit is instituted, and observed he had the business with Penn settled at last, and being asked whether he had an endorser, replied he had not, although one had been promised. The plaintiff answered he did not like to take the note without an endorser, believing Penn was not in good circumstances. The defendant said this was true ; but the note was at a short date, and he did not believe Penn would fail before its maturity, at all events he would risk it, wherefore he endorsed the note. In the conversation which then took place, it was distinctly stated by the plaintiff, and admitted by defendant, that the latter was instructed not to sell the lumber for Penn's note, without an endorser. The witness understood from the

parties, at the time the defendant endorsed the note, that he took the risk on himself. The plaintiff said he could not refuse the note, with the defendant's endorsement, as he considered him good. The note was delivered to the plaintiff, by the defendant.

Clap deposed that lumber merchants sell for cash or credit, according to circumstances. He believes the usual commision is 10 per cent on all kinds of lumber, which does not include any warranty.

The plaintiff's counsel contends, that on a suit by an endorsee, the consideration of the note cannot be gone into. This is certainly true, when the consideration is one, as to which there is no privity between him and the endorser : but in the present case it is the consideration of the endorsement which the defendant brings into view, and it is not clear that the same principle which authorises the maker to go into the consideration in a suit by the payee, does not apply between the latter and his immediate endorsee, as the endorsement is as to them, *quasi*, a new note.

There is no evidence, however, that lumber *commission* merchants, are by usage authorised to sell on credit. Clap swears *lumber*

*mervhants* do so according to circumstances. So we believe do the merchants of any kind of ware.

According to Sutherland's letter, the defendant was not the seller of the lumber—but it was sawed on Penn's own order, and sent to the defendant to deliver over to Penn; this however applies to a part only of the lumber, though the most considerable. But Petersker's testimony places the liability of the defendant, beyond any kind of doubt

If the sale above did not make him liable, his giving new credit, by receiving a note, payable to himself, and for more than the lumber due the plaintif amounted to, make the debt his own.

We do not think that the plaintiff was bound to institute the suit in his and Sutherland's name; the defendant, by his blank endorsement, authorised him to treat the note as he pleased, to pass it over by mere delivery, or endorsement.

There is no evidence against the plaintiff, by which we can ascertain that the whole amount of the note exceeds the sum due by the defendant, the time the note was given, much less to ascertain the excess.

East'n District.
*April*, 1824.

HOSMER
*vs.*
BEEBE.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Strawbridge* for the plaintiff, *Lockett* for the defendant.